IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IKIKO BROWN,<br><br>    Petitioner,<br><br>  vs.<br><br>EARL BELL, Superintendent, Clinton Correctional Facility,[1]<br><br>    Respondent. | No. 9:18-cv-01406-JKS<br><br>MEMORANDUM DECISION |

  Ikiko Brown, a New York state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Brown is in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") and incarcerated at Clinton Correctional Facility. Respondent has answered the Petition, and Brown has replied.

## I. BACKGROUND/PRIOR PROCEEDINGS

  On September 29, 2010, Brown pled guilty to two counts of robbery in the first degree, in satisfaction of a 6-count indictment, after he and his cousin, co-defendant Brian Brown, robbed two different banks on May 27 and July 29, 2010, respectively. In exchange for his guilty plea, the plea agreement called for a sentence of 15 years' imprisonment on each count, to be served consecutively for an aggregate 30 years' imprisonment, and followed by 5 years of post-release supervision. The parties also informed the trial court of their understanding that, in return for

---

[1]   The Clerk of Court is respectfully directed to correct the case caption to reflect the correct spelling of Petitioner's name: Ikiko Brown.

Brown's truthful testimony against his cousin at trial, the People would not object to the trial court considering an aggregate imprisonment term of between 25 and 30 years.

The trial court explained the terms of the plea offer to Brown, specifically stating that his guilty plea required that Brown "admit truthfully [his] involvement in each of the[] charges involving the two separate banks." Brown confirmed that he understood "every facet of that offer" and denied having any questions about it. Brown further confirmed that he had not been threatened into pleading guilty, nor had anyone made promises to him outside of the contemplated plea agreement.

Brown stated that he had no prior felony convictions and was not on probation or parole. He also acknowledged his understanding that he was waiving his right to a jury trial, where he could call witnesses and introduce evidence, and that "pleading guilty is the same as being found guilty after a trial." The court also addressed Brown's right to appeal following his guilty plea:

> One other condition that I am placing on your plea of guilty and that is that you waive or give up your right to appeal. What that means, sir, is what you're doing today is final. These two felony convictions will always be on your record. You will have to serve the prison sentence that we've talked about and the postrelease supervision, and there is nothing that you or any attorney will ever be able to do after today to open these cases up or try and start them over again.

Brown answered in the affirmative when asked whether he understood that and whether he "agree[d] to waive or give up [his] right to appeal on condition [he received] the sentences that [the court] outlined on the record." The trial court then solicited admissions that Brown and his cousin had discussed and planned a robbery of NBT Bank on July 29, 2010, that Brown knew that his cousin had a firearm which he would use to forcibly take money from the bank, and that the taking of money would be accomplished through the cousin's use of threats and/or fear. Brown also admitted his involvement in robbing Bank of America on May 27, 2010.

Specifically, Brown acknowledged that he knew his cousin would use a firearm in that act, that he forcibly stole money from the bank, and that he shared in the proceeds of that robbery.

Brown chose not to testify against his cousin at trial, and the trial court sentenced him as contemplated in the plea agreement to consecutive 15-year sentences on each count with 5 years of post-release supervision.

Through counsel, Brown appealed his conviction, arguing that: 1) the trial court, during the plea colloquy, misstated the law regarding accomplice liability such that his plea to Count 1 of the indictment was involuntarily entered, and he made a statement during the plea colloquy that negated an element of the crime; and 2) the trial court failed to adequately advise him of the full range of sentencing options before Brown waived his right to appeal thus rendering his waiver of the right to appeal unknowing, involuntary, and unintelligent, and allowing him to challenge the severity of his sentence notwithstanding the appellate waiver. The Appellate Division unanimously affirmed the judgment against Brown in a reasoned opinion issued on March 21, 2014. *People v. Brown*, 982 N.Y.S.2d 255, 257 (N.Y. App. Div. 2014). Brown sought leave to appeal to the New York Court of Appeals, which was summarily denied on August 12, 2014. *People v. Brown*, 18 N.E.3d 1140, 1140 (N.Y. 2014).

While his direct appeal was pending, Brown filed a *pro se* motion to vacate the judgment of conviction pursuant to New York Criminal Procedure Law § 440.10. In that filing, Brown alleged that trial counsel was ineffective for failing to obtain Brown's educational records to support a motion to suppress Brown's statement to police. The People opposed the motion, and the county court denied the motion in a reasoned, unpublished decision issued on February 11, 2014. The record does not indicate that Brown sought leave to appeal the denial.

3

After his conviction was affirmed, Brown filed another *pro se* § 440.10 motion to vacate on the grounds that trial counsel was ineffective for failing to: 1) investigate the circumstances of his arrest following the NBT Bank robbery; 2) file pre-trial motions seeking to suppress his confession and other evidence obtained as a result of the unlawful arrest; and 3) seek preclusion of identification evidence after the People failed to timely notice it. The county court appointed counsel to represent Brown and ordered an evidentiary hearing at which Brown, his defense counsel, and the prosecutor testified. At the conclusion of the hearing, the court issued an unpublished, written decision and order denying Brown's § 440.10 motion in its entirety after finding the testimony of defense counsel and the prosecutor to be "candid, consistent, and credible" and concluding that Brown's testimony "appeared contrived and tailored in such a way as to further his goal of obtaining an order vacating the judgment of conviction." Brown sought leave to appeal the denial to the Appellate Division, which was denied without comment on February 2, 2018. On May 8, 2018, the Court of Appeals dismissed his subsequent application to appeal on the ground that the order from which Brown sought leave was not appealable to that court.

Brown then filed the instant *pro se* Petition for a Writ of Habeas Corpus to this Court on November 19, 2018, the timeliness of which Respondent does not contest. Docket No. 1 ("Petition"); *see* 28 U.S.C. § 2244(d)(1)(A). Briefing is now complete, and the Petition is before the undersigned judge for adjudication.

## II. GROUNDS RAISED

In his *pro se* Petition before this Court, Brown raises three grounds for relief. First, Brown argues that he was deprived of the effective assistance of counsel during plea

negotiations. He next contends that his guilty plea was not knowingly and intelligently entered. Finally, Brown avers that he was denied due process when the county court judge refused to recuse himself from the § 440.10 evidentiary hearing. Brown also requests an evidentiary hearing as to all claims.

III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000). The term unreasonable is a common term in the legal world. The Supreme Court has cautioned, however, that the range of reasonable judgments may depend in part on the nature of the relevant rule argued to be clearly established federal law. *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.").

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S.

5

Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson*, 229 F.3d 112, 118 (2d Cir. 2000). Where there is no reasoned decision of the state court addressing the ground or grounds raised on the merits and no independent state grounds exist for not addressing those grounds, this Court must decide the issues de novo on the record before it. *See Dolphy v. Mantello*, 552 F.3d 236, 239-40 (2d Cir. 2009) (citing *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)); *cf. Wiggins v. Smith*, 539 U.S. 510, 530-31 (2003) (applying a de novo standard to a federal claim not reached by the state court). In so doing, the Court presumes that the state court decided the claim on the merits and the decision rested on federal grounds. *See Coleman v. Thompson*, 501 U.S. 722, 740 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989); *see also Jimenez v. Walker*, 458 F.3d 130, 140 (2d Cir. 2006) (explaining the *Harris-Coleman* interplay); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 810-11 (2d Cir. 2000) (same). This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court. *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011) (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference);

*Jimenez*, 458 F.3d at 145-46. Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

IV. DISCUSSION

A.     *Ineffective Assistance of Plea Counsel/Involuntary Plea* (Grounds 1, 2)

Brown first challenges his plea as unknowingly, involuntarily, and unintelligently made. According to Brown, counsel did not investigate to determine whether his arrest could be challenged and his inculpatory statements suppressed, and he was misled by counsel into believing that the State's witnesses had identified him. Brown avers that, if he had known the weaknesses of the State's case, and that the evidence against him could have been suppressed, he would have gone to trial rather than enter his guilty plea.[2]

---

[2]     In general, a defendant who pleads guilty to a charged offense "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "'He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [acceptable] standards.'" *United States v. Coffin*, 76 F.3d 494, 497 (2d Cir. 1996) (quoting *Tollett*, 411 U.S. at 267); *see United States v. Garcia*, 339 F.3d 116, 117 (2d Cir. 2003) ("It is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non jurisdictional defects in the prior proceedings."). The *Tollett* bar also applies to "ineffective assistance claims relating to events prior to the guilty plea." *United States v. Coffin*, 76 F.3d 494, 498 (2d Cir. 1996); *see also People v. Thomas*, 768 N.Y.S.2d 519, 520 (N.Y. App. Div. 2003) (holding that a claim of ineffective assistance of counsel, based on counsel's failure to challenge the indictment, was waived as the alleged failures did not undermine the voluntariness of defendant's guilty plea).
    The Ninth Circuit Court of Appeals has held that "*Tollett*, properly understood, provides that although freestanding constitutional claims are unavailable to habeas petitioners who plead guilty, claims of pre-plea ineffective assistance of counsel are cognizable on federal habeas review when the action, or inaction, of counsel prevents petitioner from making an informed choice whether to plead." *Mahrt v. Beard*, 849 F.3d 1164, 1170 (9th Cir. 2017). The Ninth Circuit thus held that a petitioner's claim challenging that counsel was ineffective for failing to file a motion to suppress was not barred under *Tollett* by the petitioner's guilty plea. *Id.* "[C]ircuit precedent does not constitute 'clearly established Federal law, as determined by the

7

When a guilty plea is not "voluntary and knowing, it has been obtained in violation of due process and is therefore void." *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969) (citing *McCarthy v. United States*, 394 U.S. 459, 466 (1969)). Because a guilty plea is a waiver of certain constitutional rights, it must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749.

As an initial matter, Respondent correctly notes that Brown's attack on the voluntariness of his plea is procedurally barred from federal habeas review because the Appellate Division relied on an independent and adequate state ground in dismissing Brown's involuntary plea claims. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment"). Where a state-court holding contains a plain statement that a claim is procedurally barred, the federal habeas court may not review it, even if, as here, the state court also rejected the claim on the merits in the alternative. *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) (explaining that "a state court need not fear reaching the merits of a federal claim in an *alternative* holding" so long as it explicitly invokes a state procedural rule as a separate basis for its decision");

---

Supreme Court[]' [and] therefore cannot form the basis for habeas relief under AEDPA." *See Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012) (citation omitted). Other courts, however, including the Supreme Court, have similarly addressed such claims on the merits because the claim, if true, affects the voluntariness of the plea such that they are not barred by *Tollett*. *See, e.g.*, *Premo v. Moore*, 562 U.S. 115, 123-32 (2011). The Court will therefore also address Brown's ineffective assistance claim.

*Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990). The New York procedural rule applied by the Appellate Division—that a challenge to the sufficiency or voluntariness of a guilty plea must be preserved by moving to withdraw the plea or vacate the judgment—has been recognized as an independent and adequate ground for dismissal. *See, e.g.*, *Crumpler v. Khahaifa*, No. 10-CV-0819, 2011 WL 6409221, at *7 (W.D.N.Y. Dec. 21, 2011); *Garcia v. Boucaud*, No. 09 Civ. 5758, 2011 WL 1794626, at *3 (S.D.N.Y. May 11, 2011); *Escalante v. Smith*, 9:06-cv-1506, at *6 (N.D.N.Y. May 18, 2009).

To avoid a procedural bar, a petitioner must demonstrate either cause for the default and actual prejudice, or that the failure to consider the claims will result in a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime for which he has been convicted. *Coleman*, 501 U.S. at 749-50 (citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)); *Dunham v. Travis*, 313 F.3d 724, 729 (2d Cir. 2002). "'Actual innocence' means factual innocence, not mere legal insufficiency." *Dunham*, 313 F.3d at 730 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal brackets omitted). Brown has not alleged cause or prejudice and thus his attack on the voluntariness of his plea is procedurally barred here.

Moreover, Respondent also correctly notes that Brown's attack on his guilty plea is partially unexhausted. This Court may not consider claims that have not been fairly presented to the state courts. 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases). Exhaustion of state remedies requires the petition to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly present the

9

legal basis of the claim. *Id.* at 365-66. An issue is exhausted when the substance of the federal claim is clearly raised and decided in the state court proceedings, irrespective of the label used. *Jackson v. Edwards*, 404 F.3d 612, 619 (2d Cir. 2005). To be deemed exhausted, a claim must also have been presented to the highest state court that may consider the issue presented. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In New York, to invoke one complete round of the State's established appellate process, a criminal defendant must first appeal his or her conviction to the Appellate Division and then seek further review by applying to the Court of Appeals for leave to appeal. *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005). Further, "when a 'petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' the federal habeas court should consider the claim to be procedurally defaulted." *Clark v. Perez*, 510 F.3d 382, 390 (2d Cir. 2008) (citation omitted); *see also Grey*, 933 F.2d at 121.

Brown raises for the first time in his Petition before this Court his contention that his plea was involuntary because he did not know, and plea counsel failed to inform him, that the prosecution's witnesses were not prepared to identify him at trial. Because he did not raise that contention to the state courts, it is subject to dismissal as unexhausted.

In any event, the record from the evidentiary hearing on his § 440.10 motion belies Brown's contention that his plea was involuntarily made. The record from that hearing reflects that plea counsel conducted a thorough investigation into Brown's case and the evidence the prosecution intended to offer, and counsel specifically affirmed that he knew that the prosecution had not indicated that an identification procedure involving Brown had been conducted. That

record also reflects that counsel discussed filing motions challenging the lawfulness of Brown's arrest and seeking suppression of his inculpatory statements, but Brown pleaded guilty before the due date for such motions. The testimony of plea counsel, which county court credited and this Court may not second guess, *Shabazz v. Artuz*, 336 F.3d 154, 161 (2d Cir. 2003) ("Th[e] presumption of correctness [afforded a state court's factual determinations] is particularly important when reviewing the trial court's assessment of witness credibility."), establishes that Brown was adequately informed about the circumstances of his case and chose to voluntarily enter his guilty plea. Brown is thus not entitled to relief on any argument advanced in support of these grounds.

B.  *Recusal Claim* (Ground 3)

Brown next contends that he was deprived of due process when the county court judge failed to recuse himself from considering Brown's § 440.10 motion challenging the effectiveness of plea counsel on the ground that, at sentencing, the judge remarked that defense counsel had done a very good job. In order to prevail on a claim of judicial bias, a petitioner must show that he was denied a trial "by an unbiased and impartial judge without a direct personal interest in the outcome of the hearing." *Ungar v. Sarafite*, 376 U.S. 575, 584 (1964). A state court judge is required to recuse himself for bias only if he has demonstrated "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *McMahon v. Hodges*, 382 F.3d 284, 290 (2d Cir. 2004) (holding that judge's statement that defendant would likely be convicted given evidence at co-defendant's trial did not require recusal); *see also LoCascio v. United States*, 473 F.3d 493, 496-97 (2d Cir. 2007) (recusal properly denied where rulings did not evidence deep-seated antagonism).

11

Here, Brown points to the judge's statement at sentencing that "[e]verything I have seen from [plea counsel] indicates to me that he's done a very good job." That innocuous statement does not demonstrate the level of bias required to demand a judge's recusal in his subsequent consideration of a § 440.10 motion claiming ineffective assistance of counsel. Moreover, the record reflects that, once Brown submitted *pro se* moving papers challenging plea counsel's performance, the county court judge appointed new counsel and ordered an evidentiary hearing. Brown fails to show that the county court's subsequent denial of Brown § 440.10 motion was based on anything other than the testimony and evidence presented during that hearing. *See Liteky*, 510 U.S. at 555 (explaining that adverse judicial rulings, standing alone, are not probative of judicial bias). Brown is thus not entitled to relief on this claim either.

C.      *Evidentiary Hearing*

Brown further requests an evidentiary hearing as to all claims. The Supreme Court made clear in *Pinholster* that "review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011); *see Townsend v. Sain*, 372 U.S. 293, 312-13, 319 (1963), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992), *superceded in part by statute*, 28 U.S.C. 2254(e)(2) (1996). "Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams v. Taylor*, 529 U.S. 420, 437 (2000) (quoted with approval in *Pinholster*, 131 S. Ct. at 1401); *see Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (noting that the basic structure of federal habeas jurisdiction is designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions); *Wainwright v. Sykes*, 433 U.S. 72, 90

(1977) ("[T]he state trial on the merits [should be] the 'main event,' so to speak, rather than a 'tryout on the road' for what will later be the determinative federal habeas hearing.") "If the state-court decision 'identifies the correct governing legal principle' in existence at the time, a federal court must assess whether the decision 'unreasonably applies that principle to the facts of the prisoner's case.'" *Pinholster*, 131 S. Ct. at 1399 (quoting *Williams*, 529 U.S. at 413). As the Supreme Court noted, "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court." *Id.* Although under *Pinholster* an evidentiary hearing in a federal habeas proceeding is not absolutely precluded, *Pinholster* also made clear that the discretion to grant a request for an evidentiary hearing is cabined by § 2254(e)(2), *id.* at 1400-01, which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
> (A) the claim relies on—
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Brown's request in this case does not meet that standard. Nor, based upon the record before this Court, can it be said that the state courts precluded him from developing the factual basis for his claim. *See Pinholster*, 131 S. Ct. at 1417 n.5 (Sotomayer, J., dissenting) (assuming that the majority did not intend to preclude an evidentiary hearing when the petitioner's ability to develop the facts was the fault of the state court itself). Moreover, AEDPA requires that, in addition to showing diligence in state court, a petitioner must allege a colorable claim for relief

13

in order to obtain an evidentiary hearing. *See Schriro v. Landrigan*, 550 U.S. 465, 474-45 (2007). As discussed above, Brown has failed to assert a colorable claim for relief. Accordingly, this Court also must deny his request for an evidentiary hearing.

## V. CONCLUSION

Brown is not entitled to relief on any ground raised in his Petition, and he is not entitled to an evidentiary hearing either.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* FED. R. APP. P. 22(b); 2D CIR. R. 22.1.

The Clerk of the Court is to enter judgment accordingly.

Dated: February 28, 2020.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge